## John Donovan *v.* The City of New Orleans.

An action will not lie for damages resulting from a lawful act.
C. C. 2294.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Bright*, for plaintiff and appellant. *Michel*, for defendant.

VOORHIES, J. This is an action for the recovery of damages. In widening Roffignac street, under an ordinance of the Second Municipality, a portion of a lot of ground belonging to the plaintiff was required for that purpose. To effect the expropriation, proceedings were instituted in accordance with the provisions of the Act of 1832. Those proceedings, in which other proprietors were also parties, gave rise to a protracted litigation, as may be seen by reference to the decision of our predecessors, reported in 7 Ann. 76.

The gravamen of the plaintiffs' action in the present case is, that he was deprived of the use of his property during the existence of that litigation, in

consequence of which he was unable to rent his property on favorable terms, or to venture upon making any improvements upon the same, &c. He alleges that he has sustained damages resulting therefrom, to the amount of $2000, which he seeks to recover of the defendant.

The only plea set up in the defendant's answer, is a general denial.

The court *a qua* gave judgment in favor of the defendant, and the plaintiff appealed.

An act done under a lawful authority, if done in a proper manner, as correctly observed in the opinion of the Judge *a quo*, will not, as a general rule, subject the party doing it to an action for the consequences which may flow from it. The Article 2294 of our Code, on which this action rests, is identical with Article 1382 of the Napoleon Code. Marcadé's commentary upon this article, as to its meaning and application, leaves no room for any doubt in our minds. He says: " Il faut bien remarquer ce mot *faute*, dont on a quelquefois fait abstraction et qui est essentiel à l'exactitude du principe. On entend souvent dire que tout fait causant du dommage, oblige son auteur à réparer ce dommage. C'est une grave erreur. L'auteur du fait dommageable n'est tenu à réparation que quand ce fait est en même temps répréhensible, c'est-à-dire illicite et imputable tout à la fois, comme on l'a vu plus haut; en un mot, quand l'acte constitue *une faute* de la part de son auteur, qui, d'une part n'avait pas le droit de l'accomplir, et qui, d'un autre côté, l'a accompli intelligemment et avec le libre usage de sa volonté." 5 vol. 266. Hence, an action will not lie for a damage resulting from a lawful act. It is termed in law, *damnum absque injuriâ*. Indeed, every defendant against whom an action is unsuccessfully brought, must inevitably experience some injury or inconvenience for which he receives no adequate compensation. Yet in such cases, however great may be the hardship, it is clear that the party injured is left without any remedy. The maxim, *ubi jus ibi remedium*, is therefore not universal in its application.

In the case at bar, the power of the corporation to make the appropriation of the plaintiffs' property for the purpose mentioned, does not appear to have been questioned. It is not alleged, neither is it pretended, that the local authorities, in the exercise of that power, acted maliciously or without a due regard for the rights of the plaintiff. It is true those proceedings were protracted, but it may be attributed, according to the evidence, to causes which were unavoidable and imputable, not more to the one than to the other of the parties. The case of *McLaughlin*, 5 Ann. 504, on which the appellant relies, we do not think is analogous to the present. There, it appeared that the proceedings had been twice commenced, and at each time abandoned. But in the case against the plaintiff, there was no such abandonment. On the contrary, the litigation appears to have been terminated by the voluntary transfer of the property in question to the city, for an adequate price. The plaintiff may have, in the forum of conscience, strong claims to indemnity, as was intimated by our predecessors, but it is clear, in point of law, that his action cannot be maintained.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.